PATRICK J. FARAGHER, Corporation Counsel Washington County
You ask what fees may be charged by clerks of courts for judicial review actions in circuit courts or for appeals from judgments of circuit courts in worker's compensation cases. In my opinion, the only fee permitted is a $3 fee for docketing or certifying judgments.
Chapter 102, Stats., is the worker's compensation statute. Section 102.23 governs judicial review actions in circuit courts and section 102.25 governs appeals from judgments of circuit courts under chapter 102. Section 102.26(1) governs fees and provides in pertinent part:
 No fees may be charged by the clerk of any court for the performance of any service required by this chapter, except for the docketing of judgments and for certified transcripts thereof.
The fee for docketing and certifying judgments is set at $3 by section 814.61(5). This $3 fee is the only fee authorized by the statutes to be paid to clerks of courts in worker's compensation cases, and then only when applicable.
The specific provisions of section 102.26(1) prevail over any other statutory provisions which might be considered. Schroederv. City of Clintonville, 90 Wis.2d 457, 463-64, 280 N.W.2d 166
(1979). Thus, apart from section 814.61(5), the other fees prescribed by chapter 814 may not be charged by clerks of court for judicial review actions in circuit courts or for appeals from judgments of circuit courts in worker's compensation cases.
The language of section 102.26(1) has been unchanged since the original enactment of the Worker's Compensation Act in 1911. See
sec. 2394-22, Stats. (1911). It appears not to have been a controversial section because the legislative notes submitted by the original drafting committee include no specific comment on the exemption from fees of clerks of court by the section. *Page 149 
The exemption from fees is consistent with the purpose of the Worker's Compensation Act, to wit: to relieve courts, employers and employes from the heavy costs, tremendous waste and long delays occasioned by personal injury actions arising from accidents at work, and to substitute a new system designed to deliver recompense fairly, efficiently and promptly. Borgnis v.Falk Co., 147 Wis. 327, 367, 133 N.W. 209 (1911). As the court noted in Borgnis:
 It has endeavored by this law to provide a way by which employer and employed may, if they so choose, escape entirely from that very troublesome and economically absurd luxury known as personal injury litigation, and resort to a system by which every employee not guilty of wilful misconduct may receive at once a reasonable recompense for injuries accidentally received in his employment under certain fixed rules, without a lawsuit and without friction.
. . . .
 If experience shall demonstrate that it is practicable and workable and operates either wholly or in great measure to put an end to that great mass of personal injury litigation between employer and employee, with its tremendous waste of money and its unsatisfactory results, which now burdens the courts, the long and painstaking labors of those legislators and citizens who collaborated in framing it will be fittingly rewarded by a result so greatly to be desired. That result will mean a distinct improvement in our social and economic conditions.
Since the language of section 102.26(1) has remained unchanged since adoption of the original act in 1911, and since the exemption from court fees fits precisely into the low cost purposes of the act, I must conclude that section 102.26(1) means what it says. No fees may be charged by any clerk of courts for any service required by chapter 102, including the commencement of judicial review actions under section 102.23 and including appeals from judgments of circuit courts under section 102.25, except for the docketing of judgments and the certifying of transcripts of judgments.
DJH:JPA *Page 150